IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| JON McAHREN, JOSH THOMPSON, and KYLE GARNER, *on Behalf of Themselves and and All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 816; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 429; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 760; and TENNESSEE VALLEY AUTHORITY, <br><br> Defendants. | Civil Action, Case No.: 5:23CV-85-BJB <br><br> JURY DEMAND |

## REPRESENTATIVE CLASS ACTION COMPLAINT

COME NOW the Named Plaintiffs, Jon McAhren, Josh Thompson, and Kyle Garner (collectively "Named Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and, for their Complaint, state as follows:

### NATURE OF THE COMPLAINT

1. Named Plaintiffs bring this civil action against Defendants International Brotherhood of Electrical Workers, Local 816; International Brotherhood of Electrical Workers, Local 429; International Brotherhood of Electrical Workers, Local 760; and Tennessee Valley Authority on behalf of themselves and all others similarly situated arising from violations of the First Amendment to the United States Constitution via 42 U.S.C. § 1983 by unlawfully compelling Named Plaintiffs and all persons similarly situated to speak in order to obtain work.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Plaintiffs' claim pursuant to the First Amendment to the United States Constitution and 42 U.S.C. § 1983 because it raises a federal question pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in McCracken County, Kentucky, which is located within this judicial district.

## THE PARTIES

**A.  Plaintiffs**

*Named Plaintiffs*

4. Plaintiff Jon McAhren is a resident of Paducah, McCracken County, Kentucky who contracted with Defendant TVA to perform work as an independent contractor for it.

5. Plaintiff Josh Thompson is a resident of Erin, Houston County, Tennessee who contracted with Defendant TVA to perform work as an independent contractor for it.

6. Plaintiff Kyle Garner is a resident of Palestine, Anderson County, Texas who contracted with Defendant TVA to perform work as an independent contractor for it.

*Representative Action Members*

7. The putative members of the representative action are similarly situated to the Named Plaintiffs in that they (1) sought or obtained work as an independent contractor with Defendant TVA, (2) were not members of a labor union, (3) were compelled to agree to payment of a Service Fee or similar agency fee to a labor union as a condition of working as an independent contractor for Defendant TVA, and (4) either actually had deductions taken from their wages and

paid to a labor union or were denied work with Defendant TVA because of their refusal to consent to payment of a Service Fee to a labor union.

**B.     Defendants**

8.     Defendant International Brotherhood of Electrical Workers, Local 816 ("Local 816") is a labor organization organized and operating in Paducah, McCracken County, Kentucky with its principal office located at 4515 Clarks River Road, Paducah, KY 42003. Defendant Local 816's registered agent for service of process is local president James "Matt" Defew, who may be served at 4515 Clarks River Road, Paducah, KY 42003.

9.     Defendant International Brotherhood of Electrical Workers, Local 429 ("Local 429") is a labor organization organized and operating in Nashville, Davidson County, Tennessee with its principal office located at 2001 Elm Hill Pike, Nashville, TN 37210. Defendant Local 429's registered agent for service of process is local president Kimberly Sansom, who may be served at 2001 Elm Hill Pike, Nashville, TN 37210.

10.    Defendant International Brotherhood of Electrical Workers, Local 760 ("Local 760") is a labor organization organized and operating in Knoxville, Knox County, Tennessee with its principal office located at 1530 Bill Williams Avenue, Knoxville, TN 37917. Defendant Local 760's registered agent for service of process is local president Brian Conner, who may be served at 1530 Bill Williams Avenue, Knoxville, TN 37917.

11.    Defendant Tennessee Valley Authority is a wholly owned government corporation created by act of Congress, *see* 16 U.S.C. § 831 *et seq.* Pursuant to Fed. R. Civ. P. 4(i)(1), its registered agent for service of process is Board of Directors' Chair Bill Renick, who may be served at 400 West Summit Hill Drive WT 7, Knoxville, TN 37902; as well as the Attorney General of the United States, who may be served at the U.S. Department of Justice, 950 Pennsylvania Avenue,

NW, Washington, DC 20530-0001; and the United States Attorney's Office, Western District of Kentucky, 717 West Broadway, Louisville, KY 40202.

## RULE 23 CLASS-ACTION ALLEGATIONS

12. Named Plaintiffs bring this Complaint as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and as representatives of the following Class:

> All persons who sought or obtained work as an independent contractor with Defendant TVA who were not members of a labor union, but who were compelled to agree to payment of a Service Fee or similar agency fee to a labor union as a condition of working as an independent contractor for Defendant TVA and who either actually had deductions taken from their wages and paid to a labor union or were denied work with Defendant TVA because of their refusal to consent to payment of a Service Fee to a labor union

13. The claims set out in Count I, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt out of the class.

14. Named Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a class basis for Defendants' unlawful actions.

15. The number and identity of other potential class members may be determined from Defendants' records and potential class members may easily and quickly be notified of the pendency of this action.

16. Named Plaintiffs' claims satisfy the numerosity standard of a class action. Upon information and belief, the persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown and the facts needed for calculation of that number are presently within the sole control of Defendants, Named Plaintiffs state that, upon information and belief, more than one hundred Class members exist.

17. The Class is so large that individual lawsuits are impractical.

18. Questions of law and fact common to members of the Class predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Named Plaintiffs and the Class are:

   a. Whether Defendants required persons seeking work as independent contractors for Defendant TVA to enter into agreements providing for deduction of a Service Fee or similar agency fee to be paid to a labor union;

   b. Whether entry of such an agreement was a term and condition of working for Defendant TVA; and

   c. Whether that term was enforced even if the potential independent contractor did not wish to pay financial contributions to a labor union.

19. The claims of the Named Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Named Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel that is experienced and competent in the fields of employment and contract law and class action litigation. Named Plaintiffs have no interest that is contrary to or in conflict with those members of this class action.

## FACTUAL BACKGROUND

### A. Shawnee Fossil Plant in Kentucky

21. Defendant Tennessee Valley Authority ("TVA") is an agency of the United States government that, among other things, operates the Shawnee Fossil Plant located just north of

Paducah, KY for the purpose of generating electric power primarily for surrounding southeastern states.

22. Defendant Local 816 is the western Kentucky chapter of the International Brotherhood of Electrical Workers, which is a labor union representing employees and retirees in a wide variety of industries.

23. Among other occupations, Defendant Local 816 represents non-construction employees at Defendant TVA's Shawnee Fossil Plant.

24. Defendants Local 816 and TVA are parties to a Collective Bargaining Agreement that makes Defendant Local 816 the exclusive bargaining agent for certain employees at the Shawnee Fossil Plant.

25. The collective Bargaining Agreement between Defendants Local 816 and TVA provided, at all relevant times, that Defendant TVA would assess a Service Fee of 3.5% of the gross wages of any non-members of Defendant Local 816 hired to perform services within the trades it represents that Defendant TVA would deduct and pay to Defendant Local 816.

   **B.**  **Cumberland Fossil Plant in Northwest Tennessee**

26. Defendant TVA also operates the Cumberland Fossil Plant located in Cumberland City, TN for the purpose of generating electric power primarily for surrounding southeastern states.

27. Defendant Local 429 is the middle Tennessee chapter of the International Brotherhood of Electrical Workers, which is a labor union representing employees and retirees in a wide variety of industries.

28. Among other occupations, Defendant Local 429 represents non-construction employees at Defendant TVA's Cumberland Fossil Plant.

29. Defendants Local 429 and TVA are parties to a Collective Bargaining Agreement that makes Defendant Local 429 the exclusive bargaining agent for certain employees at the Cumberland Fossil Plant.

30. The collective Bargaining Agreement between Defendants Local 429 and TVA provided, at all relevant times, that Defendant TVA would assess a Service Fee of 3.5% of the gross wages of any non-members of Defendant Local 429 hired to perform services within the trades it represents that Defendant TVA would deduct and pay to Defendant Local 429.

### C. Bull Run Fossil Plant in East Tennessee

31. Defendant TVA also operates the Bull Run Fossil Plant located near Oak Ridge, TN for the purpose of generating electric power primarily for surrounding southeastern states.

32. Defendant Local 760 is the east Tennessee chapter of the International Brotherhood of Electrical Workers, which is a labor union representing employees and retirees in a wide variety of industries.

33. Among other occupations, Defendant Local 760 represents non-construction employees at Defendant TVA's Bull Run Fossil Plant.

34. Defendants Local 760 and TVA are parties to a Collective Bargaining Agreement that makes Defendant Local 760 the exclusive bargaining agent for certain employees at the Bull Run Fossil Plant.

35. The collective Bargaining Agreement between Defendants Local 760 and TVA provided, at all relevant times, that Defendant TVA would assess a Service Fee of 3.5% of the gross wages of any non-members of Defendant Local 760 hired to perform services within the trades it represents that Defendant TVA would deduct and pay to Defendant Local 760.

### D.  Named Plaintiffs Sought to Work at TVA

36. Named Plaintiffs are experienced boilermakers who desired to work for Defendant TVA at one of its facilities.

37. Named Plaintiffs are not members of any union.

38. As such, Named Plaintiffs sought work directly with Defendant TVA.

39. Defendant TVA hired Plaintiff McAhren to work at the Shawnee Fossil Plant, Plaintiff Thompson to work at the Cumberland Fossil Plant, and Plaintiff Garner to work at the Bull Run Fossil Plant as independent contractors and not as employees.

40. Upon their hiring as independent contractors, Defendant TVA required Named Plaintiffs to sign a document called an "IBEW District 10 – Augmented Classification Referral to Work on TVA Property" ("Augmented Classification form") or a similar form.  *See* (Exs A, B).

41. The Augmented Classification form authorized a deduction of 3.5% of weekly gross earnings "as payment of a Service Fee to the International Brotherhood of Electrical Workers (IBEW) Local Union having jurisdiction over the place of employment" and authorized the appropriate Defendant Local union to "represent me in collective bargaining. . . ."  *See* (Exs. A, B).

42. Named Plaintiffs did not desire representation from Defendant Local unions and stated that they did not want to pay a Service Fee to any of the Defendant Local unions.

43. Defendant TVA explained over Named Plaintiffs' objections that signing the Augmented Classification form and paying the Service Fee to the appropriate Defendant Local union was a condition of performing work at Defendant TVA's facilities, even as independent contractors.

44. Named Plaintiffs each executed the Augmented Classification form or a similar form in order to obtain their contract work with Defendant TVA.

45. Named Plaintiffs did not become members of Defendant Local 816, Defendant Local 429, or Defendant Local 760 by virtue of signing the Augmented Classification form and being subjected to the mandatory Service Fee.

46. Named Plaintiffs did not receive any service in exchange for their payment of the mandatory Service Fee.

47. In fact, when Plaintiff McAhren needed employment verification for a mortgage application, Defendant Local 816 refused to provide the verification since, it said, he was an independent contract who was neither an employee of Defendant TVA nor a member of Defendant Local 816.

48. Plaintiffs Thompson and Garner similarly inquired about their status and received word from Defendant Local 429 and Defendant Local 760 respectively that they were not members of the unions.

49. As contractors for a government agency, Named Plaintiffs were entitled to the same First Amendment rights as employees of the government agency.

50. The United States Supreme Court ruled in 2018 that public-sector agency-shop arrangements violate the First Amendment by compelling the payment of agency fees. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018).

51. The Service Fee required by Defendants' Collective Bargaining Agreement is an agency fee as described in *Janus*.

52. Defendants compelled Plaintiffs to speak by requiring them to support the operations of Defendant Local 816, Defendant Local 429, and Defendant Local 760 through the compulsory Service Fee.

53. Named Plaintiffs and all others similarly situated each paid several thousand dollars to the Defendant Local unions via the compulsory Service Fee.

54. Defendant Local unions used the funds taken from Named Plaintiffs and all others similarly situated via the Service Fee to conduct their business and political functions that Plaintiffs did not wish to support.

55. As a direct, foreseeable, and proximate result of Defendants' wrongful actions, Named Plaintiffs and all others similarly situated have suffered pecuniary losses in the form of lost wages as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### COMPELLED SPEECH IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

**(All Defendants)**

56. Named Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 – 55.

57. Defendant TVA had a custom or policy of compelling individuals to support labor unions, including Defendant Local 816, Defendant Local 429, and Defendant Local 760 in violation of the First Amendment.

58. The law was well established that contractors acting subject to contracts with government agents are entitled to the same First Amendment rights as employees of the government agency itself.

59. Defendant TVA, however, upon information and belief, has permitted its Collective Bargaining Agreements with Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions to continue to provide for the mandatory deduction of Service Fees or similar agency fees.

60. Defendant TVA has facilitated the compulsion of Plaintiffs' speech by either directly requiring Plaintiffs to sign the Augmented Classification Form or similar documents or by granting Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions access to independent contractors for purposes of requiring them to complete such a form.

61. Defendant TVA compels applicants for work as independent contractors to consent to supporting Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions by refusing to hire any individual who will not consent to the Service Fee.

62. Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions work in conjunction with Defendant TVA to require independent contractors to execute the necessary form to permit it to deduct a Service Fee for its benefit regardless of the desire of the independent contractor.

63. Defendants required Plaintiffs to consent to supporting Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions regardless of the opinions or desires of the independent contractor.

64. Defendants were deliberately indifferent to the rights of Plaintiffs in compelling them to support Defendant Local 816, Defendant Local 429, Defendant Local 760, and other labor unions.

65. As a result of Defendants' conduct, Plaintiffs suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

1. That Defendants be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. Designation of Plaintiffs as the Named Plaintiffs and as Representative Plaintiffs of the putative members of this action;

4. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed members of the actions set out in all Counts and appointing Named Plaintiffs and their counsel to represent the Class;

5. An injunction prohibiting Defendants from continuing to unlawfully compel speech as a condition of employment or independent contractor status;

6. That, upon the trial of this matter, Plaintiffs be awarded judgment for damages of the financial losses incurred due to these events, in an amount to be proven at trial;

7. That, upon the trial of this matter, Plaintiffs be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

8. That, upon the trial of this matter, Plaintiffs be awarded punitive damages;

9. That the Court award Plaintiffs their costs and attorneys' fees to be assessed against Defendants, jointly and severally, pursuant to 42 U.S.C. § 1988;

10. That costs and discretionary costs be taxed against Defendants, jointly and severally, as provided by law;

11. That pre-Judgment and post-Judgment interest be assessed against Defendants, jointly and severally, as provided by law;

12. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

13. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

/s D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiffs, Jon McAhren, Josh Thompson, Kyle Garner, and All Others Similarly Situated*